JOHN ADAMS *vs.* ALONZO N. PARKER.

A parol assignment of a mortgage, though indorsed on the mortgage deed, and denvcred and recorded with it, will not support a writ of entry by the assignee to foreclose the mortgage.

WRIT OF ENTRY to foreclose a mortgage of land in Medway. Plea, nul disseisin. The case whether the plaintiff could maintain the action was submitted to the decision of the court upon these facts:

On the 23d of September 1853 Emeline Grant, owner in fee of the premises, gave a mortgage thereof to Albert Grant, who on the same day delivered it to the plaintiff with the following writing indorsed upon it: "Medway, September 23, 1853. Having received four hundred dollars of John Adams for the within mortgage, I hereby transfer the same to him with the accompanying note, subject to redemption by me.

"Witness, Daniel C. Fisher. Albert Grant."

This writing was neither under seal nor acknowledged, but was recorded with the mortgage. Emeline Grant afterwards conveyed the premises by warranty deed for good consideration to the defendant, who knew of the existence of the mortgage, and that the plaintiff held the mortgage note and claimed the mortgage. The defendant has been in possession of the premises ever since receiving that deed.

*W. Lovering*, for the plaintiff.

*W. Colburn*, for the defendants.

BY THE COURT. An action to foreclose a mortgage is a real action, which cannot be maintained without proving that the plaintiff has the legal title. That title in real estate could only be transferred by deed acknowledged and recorded. See *Young* v. *Miller*, 6 Gray, 156, and cases cited. The plaintiff shows no such transfer, and must therefore, according to the agreement of parties, be *Nonsuit.*